136 N.J. Super. 397 (1975)
346 A.2d 434
MYRNA SCHERZER, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
ARTHUR SCHERZER, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 16, 1975.
Decided October 10, 1975.
*399 Before Judges CARTON, CRAHAY and HANDLER.
Messrs. Rubenstein & Sherwood, attorneys for appellant (Mr. J. Mortimer Rubenstein on the brief).
Messrs. Kasen & Kraemer, attorneys for respondent (Mr. Daniel G. Kasen, of counsel; Mr. Douglas E. Burns on the brief).
The opinion of the court was delivered by CARTON, P.J.A.D.
In this divorce action the trial judge ruled that plaintiff wife was not entitled to any award reflecting equitable distribution of marital assets. She appeals, contending, among other things, that there were six classes of property which should have been subject to such distribution. They are: (1) defendant's stock interest in Baxter Die Works; (2) marketable securities of an asserted value of $117,000 held by a factor as collateral for loans to Baxter Die Works; (3) a debt of $241,337 owed by Baxter Die Works to defendant husband; (4) defendant's 50% stock interest in a closely held business corporation named "Successful Creations, Inc."; (5) a debt of $65,113 owed by Successful Creations to defendant, and (6) defendant's interest in the corporate pension trust fund.
It appears that Baxter Die Works has gone into bankruptcy and consequently the securities held as collateral are worthless. For the same reason, defendant's stock interest in Baxter Die Works and the debt owed by it to defendant have no value. We are not convinced by plaintiff's further *400 argument that she is entitled to an equitable distribution with respect to these items, despite their being worthless, on the theory that the "value must be fixed as of the date of filing of the complaint."
The span of time embraced by the equitable distribution of property provisions of the statute extends from the marriage of the parties to the date of the filing of the complaint. Painter v. Painter, 65 N.J. 196 (1974). The Legislature mandates that the distribution be an equitable one. In determining what is equitable the trial judge must consider all the particular circumstances of the individuals before it. See Painter at 209. A proper factor in that determination is any significant change in the valuation of marketable assets that occurs prior to final judgment. We observe no exceptional circumstances in this case which might justify the making of an award in plaintiff's favor as to assets which have become valueless. Nor do we detect anything in the record which suggests that the depletion in value was the result of deliberate action on the part of defendant. Consequently, we are satisfed that the trial judge's determination that these items were not subject to equitable distribution was based upon sufficient credible evidence, and we see no valid basis for disturbing it.
We reach a different conclusion with respect to defendant's stock ownership in Successful Creations, Inc. His 50% interest in that corporation was not immune from equitable distribution simply because he owned the stock at the time of the marriage. The corporation was a close corporation. The stock in question, unlike ordinary marketable securities, necessarily derived its value in large part from defendant's personal participation in the business. So far as the equitable distribution principle is concerned, there should be no essential difference between a situation in which the husband has an interest in an individual business and one held in a corporate name. The form should not control.
*401 The value of defendant's interest in the corporation which predated the marriage is, of course, immune from distribution. However, any increase in value occurring after the marriage should be considered eligible to the extent that it may be attributable to the expenditures of the effort of plaintiff wife. See Painter v. Painter, supra at 196.
The theory is that a homemaker's contribution cannot be given a monetary worth and its value may be gleaned from the earnings of the employed spouse. The application of the doctrine of equitable distribution should, of course, be tempered by the circumstance that the marriage between the parties was often discordant and acrimonious, which circumstance may result in a diminished award to the wife on the theory that the disruptive marriage was not conductive to or did not contribute substantially towards the husband's overall business success. There was some evidence that plaintiff made an effort to make the relationship viable.
True, the judge found that the marriage was one of turmoil from its inception, but it does not necessarily follow that plaintiff's supportive role was nonexistent or that she contributed nothing to the enterprise. Even if it should be determined that she was responsible in considerable part for the antagonistic marriage relationship, that factor alone should not bar her from sharing in the marital assets. Even a sparring partner can be said to contribute in some measure to the success of an adversary.
The matter is accordingly remanded to the trial court for determination of plaintiff's right to equitable distribution in defendant's stock interest in Successful Creations, Inc. In determining the value of such interest, the judge should determine the extent to which defendant's original investment has been enhanced by the contributions of either spouse. Chalmers v. Chalmers, 65 N.J. 186 (1974).
The judge should also consider on remand defendant's interest in the corporate pension trust fund to determine whether that interest stems from a deferral of current compensation *402 which otherwise would have augmented the marital estate or the parties' standard of living. See Pellegrino v. Pellegrino, 134 N.J. Super. 512 (App. Div. 1975), holding that an interest in a contributory pension fund was subject to equitable distribution to the extent of the spouse's contribution, notwithstanding the interest had not vested.
In his findings the trial judge did not clearly determine what disposition he made with respect to the debt allegedly due defendant from Successful Creations, Inc. The judge should also determine what, if any, distributive interest plaintiff may be entitled to as to this item.
We see no reason for disturbing the judgment appealed from with respect to the counsel fee and accountant fee allowed by the trial judge or the alimony allowance made to plaintiff.
Reversed and remanded for determination in accordance with this opinion.