SANDRA J. MEY, PLAINTIFF-RESPONDENT, v.
KARL R. MEY, DEFENDANT-APPELLANT.

Argued October 17, 1978—Decided February 5, 1979.

*Mr. G. Robert Wills* argued the cause for appellant (*Messrs. Strauss, Wills* and *Baxendale,* attorneys).

*Ms. Barbara Ulrichsen* argued the cause for respondent .(*Messrs. Mason, Griffin* and *Pierson,* attorneys; *Mr. Russell W. Annich, Jr.,* of counsel).

The opinion of the court was delivered by

MOUNTAIN, J. This case presents an issue as to which this Court has not yet spoken, in the developing law of equitable distribution.

Plaintiff, Sandra J. Mey, was divorced from her husband, Karl R. Mey, by judgment entered March 23, 1975. Sometime thereafter the question of equitable distribution was heard and decided and the determination embodied in a separate judgment. It is from this judgment that the present appeal has been taken.

Defendant's grandfather died September 1, 1961 and by his will established separate trusts for the benefit of defendant, his mother and his brother and sister. His mother was named trustee of each trust. Under the terms of each of the children's trusts, upon attaining the age of twenty-one, he or she would receive outright the then accumulated income. The income thenceforth arising from the trust was to be paid to the child as it accrued until he or she reached the age of twenty-five, at which time the principal was to be distributed to the child outright. The mother was to receive outright distribution of her share simultaneously with the distribution of principal to the youngest child. In the event of death before age twenty-five, a child's share was to be paid to his or her issue, and if the child died without issue, it was to be divided equally among the beneficiaries of the other trusts. The trustee was empowered to invade any trust, either in respect of income or principal, for the care, support, maintenance and education of the beneficiary.

Plaintiff and defendant were married on November 16, 1968. Shortly before that date, defendant had become twenty-one and at that time had received the income that had accrued in respect of his trust. On September 24, 1972, his twenty-fifth birthday, he became entitled to the principal of his trust which was then distributed to him. Approximately two years later, in September, 1974, plaintiff initiated an action for divorce on grounds of extreme cruelty. The principal issue presented on appeal is whether the trust assets received by defendant during his marriage are subject to equitable distribution.

The trial judge determined that these assets were eligible for such distribution, concluding that they had been "acquired . . . during the marriage" within the meaning of N. J. S. A. 2A:34–23. The Appellate Division affirmed, with one judge dissenting. 149 N. J. Super. 188 (1977). In view of the dissent, this case reaches us as an appeal as of right. R. 2:2–1(a).

We affirm substantially for the reasons given by Judge Horn in his majority opinion.

For convenience we set forth below the statutory language which is here applicable.[1] As noted by the courts below, whether the defendant's interest in the corpus of this trust is subject to equitable distribution depends on the meaning attributed to the words "legally and beneficially." In his opinion Judge Horn stated that,

> . . . we regard the phrase "legally and beneficially," as did the trial judge, to mean that the spouse acquires the property within the intention of *N. J. S. A.* 2A:34-23 when he or she acquires a title which carries with it the effective power to control or use or enjoy. [149 *N. J. Super.* at 193-94]

We approve this interpretation of the statutory language. This construction, we believe, more nearly comports with the apparent intent of the Legislature than would a more literal reading of the phrase "legally and beneficially." Furthermore, we think the word "beneficially" itself is used in the sense of being subject to present enjoyment.

The susceptibility of an income interest to equitable distribution is not at issue in this case. *Cf. Kruger v. Kruger,* 73 *N. J.* 464, 468–69 (1977) (income interest subject to equitable distribution). We are concerned here only with the principal of defendant's trust. At the time of his marriage he had no power to control, use or enjoy this asset. It was something he might control, use and enjoy only at a later date dependent upon his survival. These powers of control, use and enjoyment became his only upon his reaching his twenty-fifth birthday — at which time he was married.

---

[1]In all actions where a judgment of divorce or divorce from bed and board is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage. [*N. J. S. A.* 2A:34-23]

This Court's recent opinion, written by Justice Schreiber, in *Gauger v. Gauger*, 73 *N. J.* 538 (1977) supports the result we reach here. In *Gauger* a mother and son acquired property as joint tenants prior to the son's marriage. The mother died during the son's marriage, as a result of which the latter became sole owner. We held that although the right of survivorship came into being at the original creation of the tenancy, "it did not become effective and meaningful until the mother's death." 73 *N. J.* at 544. This qualitative change "in the interest, ownership or right to possession" thus prompted us to conclude that the son had "legally and beneficially acquired," at the time of his mother's death, a substantive interest in the property within the contemplation of the statute permitting equitable distribution. *Id.* Similarly, the defendant in this case did acquire an interest in the corpus of the trust at the time of his grandfather's death. Technically speaking, at that time he became a vested remainderman whose interest was subject to divestment. During coverture, a significant qualitative change took place in that interest. He ceased to be the holder of a future interest with no present right of enjoyment. On his twenty-fifth birthday he acquired unimpaired control and totally free use and enjoyment. Only then was the asset "legally and beneficially acquired."

With respect to the trial court's manner of distribution, we agree with the Appellate Division that it is amply supported by credible evidence and evinces a careful regard for the guidelines laid down in *Painter v. Painter,* 65 *N. J.* 196 (1974).

For the foregoing reasons the judgment of the Appellate Division is hereby affirmed.

*For affirmance*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For reversal*—None.