166 N.J. Super. 557 (1979)
400 A.2d 136
PATRICIA L. MUELLER, PLAINTIFF,
v.
DONALD E. MUELLER, DEFENDANT.
Superior Court of New Jersey, Chancery Division (Matrimonial).
Decided March 5, 1979.
*558 Ms. Daphne Ann Sheridan for plaintiff.
Mr. James C. Richardson for the defendant.
GRIFFIN, J.S.C.
Is a fully vested pension plan, the proceeds of which are not available to the employee until some future date, subject to equitable distribution? This is one of the few undecided questions in New Jersey in the troublesome area of the equitable distribution of pension plans incident to a divorce.
Defendant Mueller has been employed by the American Telephone & Telegraph Company, Long Lines Division, for about 22 years. He is covered by the Bell System Benefit Program. He has a fully vested noncontributory pension plan upon which he cannot draw until he attains age 65, unless he elects early retirement at age 55 or thereafter. He is now 48 years old. If he leaves the company before age 55, he could take no funds with him but he would be entitled to a pension at a reduced rate at age 65. He has been married about 19 years.
Many members of the matrimonial bar in New Jersey have assumed that a fully vested pension such as this is automatically an asset subject to equitable distribution. This court disagrees.
For an asset to be subject to equitable distribution, it must be "property * * * which was legally and beneficially acquired by them or either of them during the marriage." N.J.S.A. 2A:34-23.
The basic issue before Justice Schreiber in Kruger v. Kruger, 73 N.J. 464 (1977), was whether a pension was "property" within the meaning of the statute, as opposed to a source of income to be considered on the question of *559 alimony. Under its facts, the case did not involve an interpretation of when property was "legally and beneficially acquired." The husband acquired his pension during marriage, had retired and the pension was being paid. The court pointed out that
None of the decisions in this State involving pensions has considered the situation where the husband or the wife during the marriage acquired and is enjoying the pension. [at 469]
The court reviewed the four prior New Jersey cases involving pension plans: Pellegrino v. Pellegrino, 134 N.J. Super. 512 (App. Div. 1975); Scherzer v. Scherzer, 136 N.J. Super. 397 (App. Div. 1975); White v. White, 136 N.J. Super. 552 (App. Div. 1975), and Blitt v. Blitt, 139 N.J. Super. 213 (Ch. Div. 1976). Pellegrino involved the amount of the husband's contributions only. He could take these out at any time. The Appellate Division in Scherzer remanded the case so that the trial court could determine what the husband's interest was in the plan. In White the husband was not yet eligible. He had no interest that could be termed vested. Blitt, on the other hand, could take his share of the noncontributory plan out at any time. Hence, his pension was subject to equitable distribution, while White's was not.
The cases through Kruger are discussed in an article entitled "Equitable Distribution of Pension Plans," 100 N.J.L.J. 1053.
Hence, in all of the cases, including Kruger, which held the pension plan an asset subject to equitable distribution, the husband had the right to his money at the time. No future attained age, or other condition, need be met. The husband had present control over the funds. Either he could withdraw them, or they were being paid as a pension. However, the court said (73 N.J. at 469) in referring to the prior cases, "Each of these cases acknowledged expressly or implicitly that, if the spouse acquired during the eligible *560 period of the marriage a nonforfeitable or vested interest in the pension prior to retirement, that interest was subject to equitable distribution. That principle is sound."[1]
This language, however, should be read with the following:
Once all eligibility requirements have been met, the interest in the pension has become fixed and is property subject to equitable distribution. [at 471]
In the case at bar the husband can make no use of the fund for at least six or seven years, even though it is completely vested. All eligibility requirements have not been met, i.e., attained age. The Supreme Court clarified this situation in the recent decision in Mey v. Mey, 79 N.J. 121 (1979). Justice Mountain, writing for the court, held that the statutory language "legally and beneficially acquired" requires "`a title which carries with it the effective power to control or use or enjoy.'" "[W]e think the word `beneficially' itself is used in the sense of being subject to present enjoyment."
The Mey case involved a trust established for defendant by his grandfather. The accumulated income was to be paid at age 21 and the current income thereafter until age 26 when the corpus was to be distributed. The parties were married after defendant's twenty-first birthday but before his twenty-fifth when the assets were distributed.
At the time of his marriage he had no power to control, use or enjoy this asset. It was something he might control, use and enjoy only at a later date dependent upon his survival. These powers of control, use and enjoyment became his only upon his reaching his *561 twenty-fifth birthday  at which time he was married. (page 124.) * * * [T]he defendant in this case did acquire an interest in the corpus of the trust at the time of his grandfather's death. Technically speaking, at that time he became a vested remainderman whose interest was subject to divestment. During coverture, a significant qualitative change took place in that interest. He ceased to be the holder of a future interest with no present right of enjoyment. On his twenty-fifth birthday he acquired unimpaired control and totally free use and enjoyment. Only then was the asset "legally and beneficially acquired." (page 125.)
If the trust fund, although vested prior thereto, was legally and beneficially acquired only on defendant's twenty-fifth birthday when he had the enjoyment thereof, it must follow that it was not legally and beneficially acquired prior thereto.
Applying the language at the beginning of the above quotation to the case at bar  during Mueller's marriage he had no power to control, use or enjoy this asset. As pointed out in Kruger, all eligibility requirements have not been met.
Cases from other jurisdictions are not of much help. The New Jersey statute is unique. There is no legislative history to assist in interpreting "legally and beneficially." It is now clear, however, that both must be present if an asset is to be subject to equitable distribution. A vested interest in a trust becomes subject to equitable distribution only when coupled with the right of present enjoyment. There is no basis for distinguishing a pension trust or plan from any other type of trust.
If the asset is not "beneficially" acquired in the sense that there is a right of present enjoyment, it is not an asset subject to equitable distribution in matrimonial litigation.
This result may be undesirable from a social point of view, but it is mandated by the interpretation given to "legally and beneficially" by our Supreme Court. Perhaps the language of the statute should be reconsidered by the legislature.
NOTES
[1] The only case subsequent to Kruger is consistent with the prior cases. In McGrew v. McGrew, 151 N.J. Super. 515 (App. Div. 1977), the pension participant had not yet retired, but he had the right to at age 55. He was then 58. Hence, his pension was "beneficially" acquired. He could exercise a present right to use it.