**ROBERT C. S., Petitioner, Appellant,**

v.

**BARBARA J. S., Respondent, Appellee.**

Supreme Court of Delaware.

Submitted June 11, 1981.

Decided Aug. 18, 1981.

Francis J. Trzuskowski (argued), and Daniel F. Kelleher, of Trzuskowski, Kipp, Kelleher & Pearce, P. A., Wilmington, for petitioner, appellant.

A. Gary Wilson (argued), Wilmington, for respondent, appellee.

Before HERRMANN, C. J., and DUFFY and HORSEY, JJ.

DUFFY, Justice:

In this domestic relations case, the husband appeals from an order of the Family Court dividing marital property following a divorce decree. The issue presented is whether the husband's pension benefits, which had accrued in part during the marriage but which had not matured at the time of the Family Court's decision, constitute "marital property" under Delaware law.

I

The relevant facts are these:

The parties were married in 1955, separated in 1978 and divorced in 1979. Three children were born of the marriage, one of whom was a minor at the time of the hearing.

The husband has been a union sheet metal worker since 1956 and is currently the Business Agent for his union. He is covered under two (non-contributory) pension plans: one with his local union that is vested and payable upon retirement, and a second with the international union that will not vest until he has completed his current term as Business Agent, which at the time of the hearing was approximately three years hence. The husband remarried in October 1979 and his present wife is also employed.

The wife, after completing a "refresher course" at a local college followed by a brief period of work for a retailing firm, is currently employed as a file clerk by a chemical company. She resides in the marital home and, at the time of the hearing, all three children were living with her, two of whom pay her a total of $173. per month for rent.

The Family Court awarded the wife $200. per month in alimony from June 1, 1980, until May 31, 1985, $1,500. in counsel fees and costs and divided the marital property. The Court determined that since the husband had "acquired a substantial and indivisible interest in [the pension] plans during the marriage," they were marital property under the Statute. On the basis of evidence of actuarial value submitted by the husband during and after the hearing, the Trial Judge established the value of the vested local pension at $10,046. and the value of the nonvested international pension at $9,000. He then awarded both pensions, in total, to the husband and gave a greater share of the remaining assets, including the marital residence and its contents, to the wife.

After the Family Court had denied the husband's motion for reargument, he docketed this appeal.

II

Delaware's Divorce and Annulment law is codified in Chapter 15 of Title 13 of the Delaware Code and provides for division of marital property following divorce. The pertinent Statute, 13 *Del.C.* § 1513, provides, in part, as follows:

"(a) In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute and assign the marital property between the parties without regard to marital misconduct, in such proportions as the Court deems just after considering all relevant factors including:

(1) The length of the marriage;

(2) Any prior marriage of the party;

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties;

(4) Whether the property award is in lieu of or in addition to alimony;

(5) The opportunity of each for future acquisitions of capital assets and income;

(6) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker or husband;

(7) The value of the property set apart to each party;

(8) The economic circumstances of each party at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the party with whom any children of the marriage will live;

(9) Whether the property was acquired by gift, bequest, devise or descent;

(10) The debts of the parties; and

(11) Tax consequences.

(b) For purposes of this chapter only, 'marital property' means all property acquired by either party subsequent to the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage;

(2) Property excluded by valid agreement of the parties; and

(3) The increase in value of property acquired prior to the marriage."

The husband concedes that his vested local pension constitutes "marital property" and was properly considered by the Trial Court in its division of property under § 1513. *Husband B. v. Wife B.*, Del.Super., 396 A.2d 169, 172 (1978). But, he argues, the non-vested international pension is a mere expectancy which cannot be fairly characterized as property for purposes of the Statute. For that reason, says the husband, the Trial Judge erred by including the international pension benefits, which are non-vested and may never become payable, in the marital assets of the parties.

A.

There are, of course, many types of pension plans available to both private and public employees. The plans vary widely in funding, in administration and in the rights which the beneficiaries have. See the discussion in *Husband B. v. Wife B.*, supra at 172. Some rights flow from the contract creating the plan, some are required by statute, some may arise under both contract and statute. The plans are regulated under Federal law,[1] and the benefits they provide are often of substantial economic value.

Generally speaking, State Courts have recognized that pensions are a form of deferred compensation and, at least as to private plans like those under review here,

---

1. Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, et seq. ERISA states minimum standards respecting the establishment, operation and administration of all but a select group of excepted pension plans, § 1003.

that characterization is probably accurate.[2] To that extent, at least, a non-employee spouse enjoys a co-extensive entitlement with the employee spouse to a portion of any pension benefits earned and paid during the marriage. But the problem before us concerns the right, if any, of a non-employee spouse to pension benefits earned during the marriage but which were not yet mature at the time of the divorce.[3]

Unmatured pension benefits have been regarded by the courts in different ways when considered in a family law context. Some courts consider unmatured pension benefits, which are conditioned on the employee's survival, as a contingent future interest rather than as a property right subject to division between the parties. *Paulsen v. Paulsen*, Ark.Supr., 601 S.W.2d 873 (1980); *In re Ellis*, Colo.App., 538 P.2d 1347 (1975); *Wilson v. Wilson*, Ind.App., 409 N.E.2d 1169 (1980); *Hill v. Hill*, Md.App., 47 Md.App. 460, 424 A.2d 779 (1981); *Howard v. Howard*, Neb.Supr., 196 Neb. 351, 242 N.W.2d 884 (1976); *Baker v. Baker*, N.H. Supr., 421 A.2d 998 (1980); *Baker v. Baker*, Okl.Supr., 546 P.2d 1325 (1976).[4] Those jurisdictions, however, generally permit a trial judge to consider future pension benefits in allocating marital assets and/or as an income source for the payment of alimony. *Paulsen*, 601 S.W.2d at 875; *Ellis*, 538 P.2d at 1350; *Wilson*, 409 N.E.2d at 1178; *Hill*, 424 A.2d at 783; *Howard*, 242 N.W.2d at 888; *Baker*, 421 A.2d at 1001; *Baker*, 546 P.2d at 1326.

■ Other courts have characterized vested,[5] unmatured pension benefits as property, but have either distinguished non-vested pension benefits as mere expectancies not subject to division, or have not yet specifically addressed that issue. *Miller v. Miller*, Mich.App., 83 Mich.App. 672, 269 N.W.2d 264 (1978); *Daffin v. Daffin*, Mo. App., 567 S.W.2d 672 (1978); *In re Miller*, Mont.Supr., 609 P.2d 1185 (1980); *Copeland v. Copeland*, N.M.Supr., 91 N.M. 409, 575 P.2d 99 (1978).

A more recent trend in the law, however, rejects any distinction between pension benefits on the basis of vesting. Thus in *In re Marriage of Brown*, Cal.Supr., 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561 (1976), the California Supreme Court abandoned its prior decision in *French v. French*, Cal. Supr., 17 Cal.2d 775, 112 P.2d 235 (1941), and held that *French* was erroneous in ruling that non-vested pension benefits are mere expectancies not subject to division upon divorce. In *Brown*, the Court determined that non-vested pension benefits are a form of property, reasoning that "[s]ince pension benefits represent a form of deferred compensation for services rendered, the employee's right to such benefits is a contractual right, derived from the terms of the employment contract" and, consequently, "an employee acquires a property right to pension benefits when he enters upon the performance of his employment contract." 126 Cal.Rptr. at 638, 544 P.2d at 565. In *Husband B. v. Wife B.*, supra, the Superior Court agreed with that view. And several other courts in other jurisdictions have also adopted the *Brown* rationale in arriving at the same conclusion regarding non-vested pension benefits. *Van Loan v. Van Loan*, Ariz.Supr., 116 Ariz. 272, 569 P.2d 214 (1977); *Linson v. Linson*, Haw.App., 618

**2.** It should be noted that military retired pay bears some aspects of current compensation, although to date the United States Supreme Court has declined to so hold. See *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

**3.** For purposes of clarity, we note that pensions are generally said to mature, in this context, at the time benefits become presently payable.

**4.** Some of the cited cases dealt with military retirement pay, which some courts have not regarded as deferred compensation. And, un-

der that view, such pay is different, if not distinguishable, from private pension benefits similar to those under review. See *McCarty*, supra. Military retirement pay in this context may present a conflict between Federal and State law, cf. *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), which, of course, does not concern us in this case.

**5.** A pension is generally regarded as vested when the minimum service required for receipt of retirement pay has been completed.

P.2d 748 (1980); *Shill v. Shill*, Idaho Supr., 100 Idaho 433, 599 P.2d 1004 (1979); *In re Hunt*, Ill.App., 78 Ill.App.3d 653, 34 Ill.Dec. 55, 397 N.E.2d 511 (1979); *Cearley v. Cearley*, Tex.Supr., 544 S.W.2d 661 (1976); *Leighton v. Leighton*, Wis.Supr., 81 Wis.2d 620, 261 N.W.2d 457 (1978); see also *Wilder v. Wilder*, Wash.Supr., 85 Wash.2d 693, 534 P.2d 1355 (1975); compare *Weir v. Weir*, N.J.Super., 173 N.J.Super. 130, 413 A.2d 638 (1980), with *Mueller v. Mueller*, N.J.Super., 166 N.J.Super. 557, 400 A.2d 136 (1980).

■ California is a community property State but, in this context at least, we find the rationale adopted in *Brown* helpful in determining whether a pension is "marital property" under our Statute. The reasoning and rationale are persuasive and, accordingly, we conclude that whether a pension has vested is not a controlling factor under § 1513. Applied here, it means that the husband's non-vested international pension is "property acquired by either party subsequent to the marriage," § 1513(b).

Our conclusion is certainly supported by the broad language in § 1513(c) which states that *"[a]ll* property acquired by either party subsequent to the marriage is presumed to be marital property" (emphasis added) and by § 1513(b) which defines "marital property" as *"all* property" (emphasis added) acquired by either party during the marriage. Those considerations, together with the broad remedial purposes of the Act, see § 1502; compare *J.D.P. v. F.J.H.*, Del.Supr., 399 A.2d 207 (1979), the duty imposed upon the Court to "equitably divide" the marital property, § 1513(a), and the absence of any reference to "vesting" in the Statute, persuade us that the General Assembly did not intend that "vesting" be determinative on the issue of whether pension benefits are marital property. Compare *Stern v. Stern*, N.J.Supr., 66 N.J. 340, 331 A.2d 257, 262 (1975); *McGrew v. McGrew*, N.J.Super., 151 N.J.Super. 515, 377 A.2d 697 (1977).

It follows that the Family Court properly ruled that the husband's pension benefits are marital property within the framework of our Statute.

### III

Having determined that both the husband's non-vested international pension and his vested local pension are marital property, we turn to the question concerning the proper disposition of those assets.

■ The husband contends that the Family Court abused its discretion in establishing a value for the pensions in the absence of expert testimony. We agree with that argument [6] and thus a remand is required so that the Court may have the benefit of such testimony before determining the value of the respective plans.

\* \* \*

It is appropriate at this time to state a few general guidelines for the Family Court to consider when dividing or assigning pension benefits under § 1513. These are, of course, not intended to be all inclusive nor are they necessarily pertinent to every set of facts which may come before the Family Court. They are guidelines, only.

Preliminarily, we note that unmatured pension benefits, whether vested or non-vested, are seldom susceptible to precise valuation and thus judicial flexibility is desirable in any disposition which may be ordered.

■ In exercising its broad discretion in disposing of pension plan benefits, the Family Court may and should consider various alternatives. After hearing expert testimony the Court may and usually should, if feasible, establish for record purposes the present value of the pension benefits. It may then divide such benefits "in such proportions as the Court deems just," § 1513(a), or award all such benefits to the employee spouse, while allocating other assets to the non-employee spouse. Either

---

**6.** The Trial Judge stated in the final disposition of this case: "With respect to the manner of evaluating the present worth of the two pensions, it is of little or no importance that the Court may have erred. It is intended to award [the wife] what it did award her and award [the husband] whatever was left."

method has the advantage of causing an immediate severance of the parties' economic ties.

Depending on the circumstances, however, the Court may divide other assets but defer the division of pension benefits (and retain jurisdiction over the parties) until such time as the benefits mature. At that time, the Court may then allocate the benefits "in such proportions as the Court deems just," § 1513(a). This method, while continuing an unwanted relationship between the parties, has the advantage of exactitude in valuation and risk-sharing (in the event benefits are never paid).

In selecting an alternative, which does not have to be one of those discussed above, the Court should consider all the relevant factors, starting with those delineated in § 1513(a), supra. One critical factor, of course, is the likelihood whether (and the time when) the employee spouse who holds the pension right will come into the right of enjoyment. If the pension will mature within a reasonable time, the Court may retain jurisdiction and allocate benefits as they are paid. On the other hand, if pension rights have accrued but neither vesting nor enjoyment will occur for many years in the future, the chances are that the current value of that property is minimal and the Court may opt for the finality of immediate disposition.

Finally, we note that a non-employee spouse is only entitled to a share of pension benefits earned during the marriage. In other words, once pension benefits are valued, the Court must first determine the portion of the benefits to which the non-employee spouse has an equal entitlement before allocating a share of that portion to each of the parties. And in allocating the proportionate shares, the Court should consider the amount and duration of the alimony award granted, if any, in order to provide for both parties' retirement needs.

\* \* \*

Reversed and remanded for proceedings consistent herewith.