MARY TREMBULAK, PLAINTIFF, v. ALAN TREMBULAK, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided November 14, 1984.

*Edward A. Bertele* for plaintiff (*Warren J. Kaps,* attorney).
*Edward S. Snyder* for defendant.

GRIFFIN, J.S.C.

Is a pension plan which was not vested at the time of filing the complaint, but became vested before trial, an asset subject to equitable distribution? This question has not been faced in any reported case. The answer is yes.

The parties were married in August 1978 and lived together until April 1983 when defendant-husband left the marital home. In January 1984 plaintiff filed for divorce. On June 30, 1984 the defendant acquired a vested interest to $7,221.39 in his pension and profit sharing plans. The case was tried in November. This money had been credited to him by his firm on a noncontributory basis. He had no claim on it until it vested. His employment started after his marriage. If he had left the firm before June 30, 1984 he would have received nothing.

Our courts have held that it is the nature of the employee's interest in and control over the fund, not the contributory or noncontributory aspect, that is significant in subjecting the pension asset to equitable distribution. *See Blitt v. Blitt,* 139 *N.J.Super.* 213 (Ch.Div.1976) and *McGrew v. McGrew,* 151 *N.J.Super.* 515 (App.Div.1977).

*Kikkert v. Kikkert,* 177 *N.J.Super.* 471, aff'd 88 *N.J.* 4 (1981) held that the money in a vested but unmatured pension

plan was subject. Plaintiff had completed all eligibility requirements but would not receive any benefits unless he attained age 60, about nine years hence. The right to receive money in the future was held to be an economic resource which must be equitably distributed. The present right to control or withdraw funds is not requisite in equitable distribution. *Id.*, 177 *N.J.Super.* at 475–476. The court so held in spite of the fact that the beneficial enjoyment of the fund was subject to a condition subsequent—living to a future date.

█ The Supreme Court in *Stern v. Stern*, 66 *N.J.* 340 (1975) held that the "concept of vesting should probably find no significant place in the developing law of equitable distribution." *Id.* at 348. The relevant question is the ascertaining of property acquired during the marriage. *Ibid.* This is consistent with the broad interpretation given the word "acquired" by Justice Mountain in *Painter v. Painter*, 65 *N.J.* 196 (1974). "We therefore hold the legislative intent to be that all property, regardless of its source, in which a spouse acquires an interest during the marriage shall be eligible for distribution in the event of divorce." *Id.* at 217.

Here we have a fund which exists due to the efforts of the husband during the marriage, is worth nothing to him when his wife files the divorce complaint, but has substantial value five months thereafter and before the case reaches trial. In a sense this is analogous to the vested pension which will be worth nothing if a certain age is not attained. If an asset which will become worthless if a condition subsequent is not met is subject to equitable distribution how can it be said that an asset which will become valuable upon the completion of a few months more employment is not? Here the condition subsequent was met before the trial.

Our courts have considered a change in value of assets between the time of filing the complaint and the trial.

In *Bednar v. Bednar*, 193 *N.J.Super.* 330 (App.Div.1984) the increase in the value of a motel was considered. Judge King held:

There is no absolutely iron-clad rule for determining the date of evaluation but use of a consistent date is preferable, such as the filing of the complaint, see *Borodinsky v. Borodinsky*, 162 *N.J.Super.* 437, 447 (App.Div.1978); see also *Smith v. Smith*, 72 *N.J.* 350, 361–362 (1977), or perhaps the time of the hearing, depending on the nature of the asset and any compelling equitable considerations. [at 332]

There are compelling equitable considerations here. The asset is in hand. The fund was earned entirely during coverture. The statute (*N.J.S.A.* 2A:34–23) permits the court to make equitable distribution of property "which was legally and beneficially acquired by [either spouse] during the marriage." Giving the word "acquired" the liberal and comprehensive interpretation mandated by the Supreme Court (*see Kikkert, supra,* 88 *N.J.* at 5 and *Painter, supra,* 65 *N.J.* at 217) the fund here involved should be distributed.