## STATE, ALEXANDER GRAY, PROSECUTOR, v. CHARLES S. ROBINSON, COLLECTOR OF PRINCETON.

1. The court will not regard a mere voluntary statement of facts made between the parties, for the purpose of preparation for argument on *certiorari*, as conclusive, until it is filed with the clerk of the court. Before that time, it is within the control of the parties, and they may alter or revoke it at their will.

2. In the prosecution of writs of *certiorari* to remove taxes, the rule of the court requires the utmost diligence, and that the cause be argued at the term next after the return of the writ at the furthest.

On *certiorari* to review the tax upon prosecutor's property in the borough of Princeton.

Argued at November Term, 1875, before Justices SCUDDER and DIXON.

For the prosecutor, *Alexander Gray* and *T. G. Lytle.*

For the defendant, *John F. Hageman, Jr.*

The opinion of the court was delivered by

SCUDDER, J. This writ of *certiorari* was tested and allowed November 18th, 1874, to bring up the tax for that year; and it was returnable February Term, 1875. The writ was duly returned, and reasons filed.

The cause was not noticed or argued at June Term following, nor was there any motion to dismiss the writ for want of prosecution. November Term, 1875, there was notice and motion to dismiss the writ, and a counter motion on the part of the prosecutor for leave to take affidavits to show that there was a state of facts agreed upon by the respective parties, which had not been filed, by the omission of the defendant's attorney. The rule was allowed upon conditions that the affidavits be taken and filed, on or before November 16th. The case is now before us on the motion to dismiss for want

of prosecution, and the excuse of the prosecutor contained in these affidavits. They show a state of facts agreed upon by the prosecutor and the attorney for the borough of Princeton, dated December 1st, 1874. On that day the attorney for the borough resigned his office, because of some disagreement between him and the common council, and another attorney was appointed December 11th, 1874.

At the time the state of facts was agreed upon the prosecutor knew, by his own testimony, that the common council were dissatisfied with their solicitor, and talked of removing him. It also appears that the state of facts had relation to former writs issued by the prosecutor and certain other parties, and that as early as October 27th, 1874, another attorney had been chosen by the common council to take charge of these cases, and both the solicitor for the borough and the prosecutor were informed of this fact. It is also shown that this writ was never in the hands of the former solicitor, but that the return was drawn by the special attorney of the borough, who had then been appointed the solicitor. April 21st, 1875, the former solicitor of the borough sent the alleged state of facts agreed upon between him and the prosecutor to the borough solicitor, and requested him to file the same. He refused to do so, stating that he had never agreed to them, and that they had no reference to the present writ, of which he alone had had charge. At June Term following nothing was done in the case. It appears from these facts, that the effort has been made on the part of the prosecutor to compel the borough to argue this case upon the state of facts agreed upon by him and the former borough solicitor, and to hold them concluded by such statement.

This he cannot do, because this writ was never in the hands of the former solicitor of the borough for his action, and the statement has no reference to this suit. There is another sufficient reason, which is, that this court will not regard a mere voluntary statement of facts, made between the parties for the purpose of preparation for argument as conclusive between the parties, until it is filed with the clerk of the

State, Gray, pros., v. Robinson, Collector of Princeton.

court. Before that time it is within the control of the parties, and they may alter or revoke it at their will. It is not made under a rule of the court, nor settled by the court, but is purely voluntary, until brought within our control by filing as a paper in the cause. No person will, therefore, be allowed to claim the advantage of a misstatement or omission, and compel the other party to consent to an argument upon it. The prosecutor knew the objections to this statement prior to June Term, 1875, and took no action until November Term, when he only moved to take affidavits to hold the borough to this imperfect statement.

In the prosecution of writs of *certiorari* to remove taxes, the rule of this court has always been to require the utmost diligence, that there may not be no unnecessary delay in the imposition and collection of taxes, whereby the public business may be hindered or embarrassed.

It was the duty of this prosecutor to see that the writ was returned ; the state of the case filed, if one had been agreed upon, or if not, that affidavits were taken and testimony prepared, and bring on the argument of the case at the term next after the writ was returned at the furthest. The most approved practice is to order the prosecutor, on the allowance of the writ, in tax cases, to bring on the hearing at the same term when the writ is returnable, where there is sufficient time to prepare.

Neither at the second nor third term of this court, after the allowance of this writ, did the prosecutor prepare and move his case, but, on the contrary, stood still, claiming the advantage of his disputed statement of facts. We cannot thus permit the collection of taxes to be delayed, and the writ of *certiorari* must be dismissed, with costs.