165 N.J. Super. 463 (1979)
398 A.2d 597
JANET V. WITT, PLAINTIFF,
v.
WALTER R. WITT, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 26, 1979.
*464 Mr. Anthony B. Vignuolo for plaintiff (Messrs. Borrus, Goldin & Foley, attorneys).
RUBIN, J.J.D.R.C. (temporarily assigned).
This matter comes before the court on an order to show cause. Plaintiff wife applies for the appointment of a receiver for defendant's interest in the marital home, which property is owned by *465 the parties as tenants by the entirety. Plaintiff also applies for authority to be vested in the receiver to consummate a sale of property.
Plaintiff Janet Witt and defendant Walter Witt have been separated since May 1978. Before he left the marital home in Woodbridge, New Jersey, defendant executed a listing agreement in which he consented to a sale of the marital home. Since leaving, however, defendant has neither been seen nor heard from. He has provided no support of any kind for plaintiff and the two infant children of the marriage, aged five and three. As a result of this lack of support, first and second mortgages on the marital home have fallen into substantial default. The second mortgagee has commenced a foreclosure action in which plaintiff and defendant have been defaulted. Further, there are outstanding judgments against defendant in the amount of $38,000 and one judgment creditor has already levied upon the Woodbridge property.
It is in the midst of this rapidly decaying financial situation that plaintiff on July 3, 1978 commenced divorce proceedings on the grounds of extreme cruelty. Service was effectuated by publication. By means of an order to show cause with substantiating testimony taken, plaintiff now applies for the appointment of a receiver of defendant's interest in the marital residence. Plaintiff also makes application to vest the receiver with authority to consummate a sale of the property for $86,000. Notice of plaintiff's application was published in the Daily Home News, a Newspaper of general circulation in Middlesex County, on September 25, 1978.
The sole issue in this case is whether this court has the authority to order the sale of the marital home pendente lite, where the home is owned by the entirety, where both parties have previously consented to such a sale, and where to withhold confirmation of the sale will undoubtedly result in the dissipation of the asset. This court finds, given the extreme circumstances and peculiar equities of this case, that *466 it is indeed empowered to grant plaintiff the relief she seeks. (It should be noted at this juncture that the report of the receiver in this case did in fact recommend that the premises be sold.)
The court is keenly aware of the need to protect the interest of the absent defendant in property owned by the entirety. The court is also aware that a refusal to order the premises sold will not benefit defendant at all, and will result in irreparable harm to plaintiff and her children. The court is not content to sit idly by while understandably ravenous creditors gobble up the property, leaving nothing in their wake from which to draw support for plaintiff and the children.
N.J.S.A. 2A:34-23 provides that in all actions wherein a judgment of divorce is entered, the court may make such award as is necessary to equitably distribute property acquired by one or both of the parties during the marriage. It is clear that had a divorce already been granted, the court could have ordered the sale of the Witt home. But the same statute vests this court, in any pending matrimonial action, with wide discretion in making such orders as are necessary for the maintenance of the parties. Martindell v. Martindell, 21 N.J. 341, 355 (1956); Woodhouse v. Woodhouse, 17 N.J. 409, 416 (1955). The statute mentions specifically the use of sequestration of profits from the real estate of either party. Noting that the total of liens, judgments and encumbrances against the property far exceeds its worth, and aware that further delay will only result in the dissipation of the asset, this court believes the house should be ordered sold now. A court of equity regards and treats as done what in good conscience ought to be done. Martindell v. Fiduciary Counsel, Inc., 133 N.J. Eq. 408 (E. & A. 1943). This is especially true where the appointment of a receiver will adequately protect the absent defendant's interest in the property, and where a court-ordered sale will actually effectuate defendant's previously documented desire to sell the property.
*467 The court is mindful of the recent decision of the Appellate Division in Grange v. Grange, 160 N.J. Super. 153 (App. Div. 1978). There the court held that in the absence of the consent of the parties, there was no authority to order a pendente lite sale of a marital home owned by the entirety.
But in the present case defendant actually consented to the sale of the property before he departed for parts unknown. His execution of a listing agreement attests to this fact. This court acknowledges that it is the general rule that where a husband or wife is unwilling to execute papers for the sale of an estate held by the entirety, that the Chancery Division does not have the power to order him or her to do so. Peeler v. Levy, 26 N.J. Eq. 330, 331 (Ch. 1975), relied on by the court in Grange. It is crystal clear, however, that the crucial aspect of Peeler was the lack of consent of one of the parties:
The wife did not sign the contract, indeed, the proof is clear she had no information the exchange was contemplated until some days after the contract was made. * * * There is no evidence of ratification or approval of the contract by her, but on the contrary, it is shown she warned her husband not to make it as soon as she was informed negotiations were on foot. [at 331][1]
Order will be entered accordingly.
NOTES
[1] The court in Peeler went on to clarify its position by noting that even if the wife had been a party to the contract, a decree for specific performance still could not have been issued against her. This decision is based, however, on the rationale of the disability of a married woman to contract  an outdated rationale of no applicability to the case at bar.