167 N.J. Super. 425 (1979)
400 A.2d 1225
GLENN H. MARSH, SR., PLAINTIFF-APPELLANT,
v.
JOYCE (MARSH) VETTER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 3, 1979.
Decided April 17, 1979.
*426 Before Judges LYNCH, CRANE and HORN.
Mr. Joel A. Murphy argued the cause for appellant (Messrs. Murphy and Kurnos, attorneys).
No brief was filed on behalf of respondent.
The opinion of the court was delivered by HORN, J.A.D.
*427 Plaintiff in this divorce proceeding, Glenn H. Marsh, Sr., appeals from so much of an order dated February 24, 1978 as requires him to pay $440 in support arrearages and $11,240 to defendant in cash.
The basis for plaintiff's claim that the judge erroneously ordered him to pay $440 in arrearages is that defendant was estopped because allegedly she agreed to accept $90 a week instead of the court-ordered $100 a week during the time that he paid the lesser amount following a court hearing on June 18, 1976. We disagree. Defendant disputes the factual assertions of plaintiff that she agreed to accept the lesser amount. The judge held that, if the parties had intended to modify his order, such modification should have been memorialized. In essence, he found that no such agreement had been made. That finding is upheld by us, since there had been no such agreement made in open court. See Maisto v. Maisto, 123 N.J.L. 401 (Sup. Ct. 1939), aff'd 124 N.J.L. 565 (E. & A. 1940). If there was such agreement it should have been in writing, Prudential Ins. Co. of America v. Kantrowitz, 120 N.J. Eq. 549, 552 (Ch. 1936), and filed with the court. Gray v. Robinson, 38 N.J.L. 267, 269 (Sup. Ct. 1876). Moreover, the fact that defendant accepted the reduced payments, without more, did not create any estoppel against her. Plaintiff showed no prejudice to him whatever by reason of his making the lesser payments. See Suydam v. Suydam, 5 N.J. Super. 359, 361 (App. Div. 1949). We uphold the judge's order as to the arrearages.
However, we reverse that part of the order which decrees that plaintiff pay $11,240 to defendant in cash. Part of the assets found to be subject to equitable distribution were 424 shares of stock of Roxbury State Bank in the joint names of the parties. Although plaintiff advised the judge at one hearing that the stock was valued at $15 a share, we are unable to find anything in the record which could be said to constitute an agreement that plaintiff would pay this sum to defendant rather than deliver to her 50% of *428 the stock. The judge directed that plaintiff pay defendant one-half of the stated value of the stock because of the judge's intention to award defendant equitable distribution of $32,520  and this apparently in disregard of what the stock was actually worth.
We find that such decision, based solely on the judge's inclination to award an arbitrary amount to the wife regardless of the value of the stock in this case  was unreasonable, arbitrary and capricious, and calls for corrective appellate action.
In the absence of an agreement, in order to avoid injustice or unfairness to one party, where assets are available and capable of division in kind, and where the consequences of such distribution would not be inappropriate under the circumstances, Borodinsky v. Borodinsky, 162 N.J. Super. 437 (App. Div. 1978), they should be so divided rather than impose the chance of either loss or gain on one of the parties as against the other. If cash is a factor, a party may sell the distributed share or the court, where appropriate, may require the sale in some conventional fashion, so as to pay a party where justice so requires.
Accordingly, so much of the order reflecting the payment to defendant of the value of the shares and any appreciation thereon is vacated. The cause is remanded to the trial court for the purpose of requiring plaintiff to distribute to defendant her share of the aforesaid stock in kind, and to modify the judgment as to the amount of cash to be paid to her by plaintiff. We do not retain jurisdiction.