ALPHONSE DI GIACOMO, PLAINTIFF-APPELLANT, v. MARIE DI GIACOMO, DEFENDANT-RESPONDENT.

Argued November 13, 1978—Decided June 5, 1979.

*Mr. Luke F. Binetti* argued the cause for appellant.

*Mr. Ned J. Parsekian* argued the cause for respondent (*Mr. Melvin R. Solomon,* on the brief).

The opinion of the court was delivered by

MOUNTAIN, J., The sole issue before us in this matrimonial matter relates to equitable distribution. In order to reveal clearly the issue involved, some pertinent facts must be stated.

Plaintiff and defendant, Alphonse and Marie Di Giacomo, were married in 1941. The two children born of the marriage are now emancipated and well past the age of majority. On Thanksgiving Day, 1965, the parties engaged in a violent and furious quarrel. The police were summoned and plaintiff was required to leave the house. The parties separated at that time and have never since lived together as husband and wife.

At some time or times during the year 1966, the parties reached oral agreement as to the division between themselves of a large part of the assets they then owned. The terms of the oral agreement appear to have been performed. Shortly thereafter, an action for separate maintenance was instituted by the wife against the husband, and on February 8, 1967 a judgment was entered fixing the amount of support payments to be made by the husband to the wife.

About eight years later, on February 26, 1975, plaintiff initiated an action for divorce, pursuant to *N. J. S. A.* 2A:34-2(d), alleging an 18 month separation with no reasonable prospect of reconciliation. Defendant filed a counterclaim seeking similar relief as well as equitable distribution. Defendant took the position that the assets eligible for such distribution should include all property acquired prior to February 26, 1975, the date the complaint in the divorce action was filed. In so doing she relied upon our holding in *Painter v. Painter*, 65 *N. J.* 196, 217–18 (1974). Plaintiff, in reply, drew attention to the fact that the parties had separated permanently in 1965 and divided their assets between themselves in 1966, that defendant had contributed nothing to the marriage since that time and that hence it would be inequitable to allow her to share in property thereafter acquired.

The trial judge, on August 3, 1976, granted a divorce to each party. He also awarded equitable distribution with respect to all property acquired by either spouse prior to the date the complaint was filed in the divorce action. On appeal the Appellate Division affirmed on the basis of the trial court opinion. We granted certification, 77 *N. J.* 490 (1978), limited to the single issue as to what assets should have been deemed eligible for equitable distribution. We now reverse and remand.

In *Painter v. Painter, supra,* we adopted the rule applied by the trial court in this case. We stated "that for purposes of determining what property will be eligible for distribution the period of acquisition should be deemed to terminate the day the complaint [for divorce] is filed." 65 *N. J.* at 218. We pointed out, however, that this rule would not "provide certain and ready answers to all questions which [might] arise as to whether particular property is eligible for distribution." *Id.* at 218 n. 7; *accord, Chalmers v. Chalmers,* 65 *N. J.* 186, 192 (1974).

In *Smith v. Smith,* 72 *N. J.* 350 (1977) and in *Carlsen v. Carlsen,* 72 *N. J.* 363 (1977) we considered the effect that a pre-existing written separation agreement might have on the issue of equitable distribution in a later divorce action. In *Smith* we stated,

[W]e now hold that where equitable distribution is sought pursuant to *N. J. S. A.* 2A:34-23, an earlier separation agreement will be a bar to such relief only if, and to the extent that, it can qualify as a property settlement, and can likewise be shown to have been fair and equitable. Only then can it be said to be the substantial equivalent of an equitable distribution of marital assets, sufficient to justify denial of such relief.

[72 *N. J.* at 358]

We also held in *Smith* that

. . . when the parties to a divorce action have previously entered into an agreement of this nature, accompanied by separation in fact, the date at which the marriage will be held to have terminated,

for purposes of determining and valuing assets eligible for equitable distribution, will be the date of the agreement. [72 *N. J.* at 361–62][1]

In the case before us the parties orally agreed as to the division of a large part of their marital assets in 1966. Distribution pursuant to the agreement took place. Such an arrangement is a property settlement and, although not in writing, is as valid and effective, upon sufficient proof, as if it had been more formally memorialized. This consensual disposition is binding upon the parties and will preclude equitable distribution of the subject property, provided it shall be deemed fair and equitable as of the time it was undertaken.

We hold that the oral property settlement agreed to and acted upon in 1966, if found to be fair and equitable when made, should be confirmed. Any marital assets found to have existed at the time of the agreement, but which were not included therein, are eligible for equitable distribution. Property acquired by either spouse subsequent to the agreement is not eligible for such treatment.[2] *Smith v. Smith, supra,* 72 *N. J.* at 361–62, *Carlsen v. Carlsen, supra,* 72 *N. J.* at 370.

The judgment of the Appellate Division is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with what has been said above.

*For reversal and remandment*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For affirmance*—None.

---

[1]This exception to the rule of general applicability has been described as "a logical modification of the *Painter* holding. When spouses have separated and have executed a separation agreement, the partnership is no longer viable." *Case Comment,* 31 *Rutgers L. Rev.* 76, 89 (1977).

[2]Should the agreement be found not to be fair and equitable, it will not, of course, be confirmed. In such an event the trial judge will determine the distribution of marital property *de novo*, but only in respect of assets acquired prior to the agreement.