193 N.J. Super. 330 (1984)
474 A.2d 17
BARBARA BEDNAR, PLAINTIFF-APPELLANT,
v.
EDWARD BEDNAR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1983.
Decided March 22, 1984.
*331 Before Judges KING and DREIER.
John P. Beyel argued the cause for appellant (Budd, Larner, Kent, Gross, Piccillo & Rosenbaum, attorneys; John P. Beyel and Susan Olney, on the brief).
William H. Hanifen, IV, argued the cause for respondent (Principato & Hanifen, attorneys; Nancy D. Gold, on the brief).
The opinion of the court was delivered by KING, J.A.D.
On this appeal from a contested matrimonial dispute the plaintiff-appellant contends that (1) the award of equitable distribution was arbitrary and (2) the award of alimony was inadequate as to term and amount. We conclude that the final judgment requires modification in several respects.
This was a 30-year marriage. The parties separated in 1976; the complaint was filed in November 1976; the divorce was granted in 1982. A primary asset of the marital estate was the *332 motel in Cape May acquired in March 1972 for $225,000. Plaintiff alone has managed the motel since that time. At the time of oral argument the motel was scheduled for sale to the plaintiff in January 1984. We have been advised, upon our request after oral argument, that the sale of the motel was closed on January 24, 1984. The net equity has been agreed to be about $575,000. The available equity at the time of the filing of the complaint, $193,000, was distributed to the parties upon closing. The balance of the equity, $188,672, was placed in escrow pending decision in this case. That sum presumably represents the disputed amount arising from the questions raised on the appeal.
We do not question the "in-kind" or "whole asset" scheme of distribution, in whole, or as here in part, or the ratio of distribution. See Marsh v. Vetter, 167 N.J. Super. 425 (App. Div. 1979). We are, however, concerned with several subsidiary aspects of the scheme of distribution. The value of defendant's interest in his business was determined as of the date the complaint was filed; the motel was not specifically evaluated by the judge since it was ordered to be sold and the proceeds divided equally among the parties. There was evidence that it was worth $462,000 in late 1981 and between $232,000 and $273,000 in 1976.
We conclude that principles of equity required a common evaluation date for all marital assets. Inclusion of assets must be measured by the date of the filing of the complaint, Brandenburg v. Brandenburg, 83 N.J. 198, 209 (1980), absent some extraordinary circumstances. DiGiacomo v. DiGiacomo, 80 N.J. 155 (1979). There is no absolutely iron-clad rule for determining the date of evaluation but use of a consistent date is preferable, such as the filing of the complaint, see Borodinsky v. Borodinsky, 162 N.J. Super. 437, 447 (App.Div. 1978); see also Smith v. Smith, 72 N.J. 350, 361-362 (1977), or perhaps the time of the hearing, depending on the nature of the asset and any compelling equitable considerations.
*333 The question of enhancement or accretion in value pending distribution is separate. See Mol v. Mol, 147 N.J. Super. 5, 8-9 (App.Div. 1977). If the asset increases in value between the time controlling for purposes of inclusion and evaluation, i.e., ordinarily the date of filing the complaint, and the time of actual distribution ordered by the court, this accretion in value must be analyzed in terms of whether it was attributable to the personal industry of the party controlling the asset, apart from the non-possessory partner, or simply to fortuitous increase in value "due merely to inflation or other economic factors," id. at 7, e.g., a rare painting in a rising art market or a sole-proprietorship commanding one party's substantial time and energy. If the increase in value is simply due to market factors or inflation, each party should share equitably in the increment, i.e., pure real estate value increases in property owned by the defendant's business or the jointly-owned motel in Cape May. Interim accretions pending actual distribution due to the diligence and industry of a party in possession of an asset, independent of identifiable market forces, should accrue to that party alone. Of course, the fair distribution of eligible assets may, in appropriate cases, be reflected in the alimony award. Borodinsky, 162 N.J. Super. at 447. But they may also be reflected in a cash or "whole-asset" distribution when appropriate.
We therefore remand that portion of the judgment relating to equitable distribution for reconsideration in light of the abovestated principles, again noting that we do not criticize the court's scheme of distribution itself in any sense.
In view of the remand, we do not reach the appellant's second point on the inadequacy of the amount or term of the alimony. This may be reconsidered by the trial judge on remand in light of the new circumstance of the sale of the motel and the escrowed and still-disputed equity. As noted in Painter v. Painter, 65 N.J. 196, 218 (1974), a remand on equitable distribution may well compel re-examination of the award of alimony and maintenance because of the "interrelationship" of the two.
*334 On remand, the court may also entertain defendant's contention that there was an error in form or mathematics in the judgment as it related to the bank stocks.
Finally, we also conclude that the 35% reduction in the value of defendant's business was inappropriate in the circumstances. This reduction factor should be used only when evaluating the minority interest of a nonoperating partner. In this case, any successor to defendant's interest would be an operating partner in control of the business, the remaining shareholders, or a transferee of the entire business. Cf. Fletcher Corporations § 5906.12 at 28 n. 10 (Cum.Supp. 1983) and authorities cited therein. In fact, there may be enhancement of value by reason of defendant being the sole operating partner in the business but this observation is not conclusive upon the trial judge who must ultimately consider all relevant factors.
The judgment of the Chancery Division is modified and, as modified, is affirmed. The matter is remanded to the Chancery Division for recalculation of the equitable distribution and for other matters consistent with this opinion; jurisdiction is not retained. The cross-appeal is dismissed as abandoned by respondent-cross-appellant. Jurisdiction is not retained.