198 N.J. Super. 390 (1984)
487 A.2d 342
BILLIE M. SAMUELSON, PLAINTIFF,
v.
F. ERIC SAMUELSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County, Family Part.
Decided December 5, 1984.
*391 Steven Honig for plaintiff (Honig & Honig, attorneys).
George Cotz for defendant (Weber, Muth & Weber, attorneys).
KRAFTE, J.S.C.
The novel issue in this case involves the pendente lite distribution of interest monies which are accruing on proceeds from the sale of the parties' marital home.
The parties were married in August 1950, and separated on or about September 9, 1983, some 33 years later. Prior to executing a Property Settlement Agreement, the parties listed the marital home for sale with a real estate broker, with the agreement that any proceeds of the sale would be held in an interest-bearing escrow account, pending the resolution of various financial factors. The marital home was, in fact, sold on August 17, 1984, and the proceeds placed in an interest-bearing trust account. Both of the parties presently maintain their own *392 residences, and have yet to reach a consensus as to the execution of a Property Settlement Agreement. Since the date of the sale of the marital home, the plaintiff has received no support monies from the defendant. Plaintiff now petitions this Court for an award of pendente lite support. Defendant resists this application.
This Court initially finds that the plaintiff suffers from a recurring cancerous condition, which has curtailed her ability to earn a living. Her gross income for 1983 was approximately $5,000. Her present monthly expenses total $1,660, as set forth in her Case Information Statement. The defendant alleges a yearly gross income of $10,000, his net obviously being less, although he has submitted neither financial statements nor a C.I.S. In the meantime there is some $198,000 being held in escrow, at 10% interest, which generates approximately $1,633 per month. Therefore, this Court is faced with the issue of whether it may properly authorize distribution of these interest monies prior to final judgment.
The inquiry must begin by categorizing the property in question. There is no doubt that the proceeds from the sale of the marital home are marital property, and as such, are subject to equitable distribution. The interest which accrues on the proceeds, however, may be more accurately likened to an increase in the value of the marital asset. In the absence of similar case-decisions, we may analogize by reference to Scherzer v. Scherzer, 136 N.J. Super. 397, 401 (App.Div. 1975), Cert. den. 69 N.J. 391 (1976), which held that any increase in value [of non-marital property] occurring after the marriage should be considered eligible [for distribution] to the extent that [the increase] may be attributable to the expenditures of the effort of the non-owning spouse. Again, in Mol v. Mol, 147 N.J. Super. 5, 7 (App.Div. 1977), the Court held that in equitable distribution, a wife would be entitled to share in those elements of increase in value to which she contributed, and those for which she and the husband were jointly responsible. The philosophical concepts set forth in Bednar v. Bednar, 193 N.J. Super. 330, *393 333 (App.Div. 1984), would appear to reinforce this Court's position that the interest should be considered as an increase in asset value. There, the Court stated "If the increase in value is simply due to market factors or inflation, each party should share equitably in the increment." Id.
This Court must next address the propriety of any distribution of the interest monies pendente lite. In Grange v. Grange, 160 N.J. Super. 153, 158, 159 (App.Div. 1978), the Court held that a trial judge did not have the power to order, pendente lite, the sale of the marital premises absent the consent of both parties. Subsequently, in the case of Witt v. Witt, 165 N.J. Super. 463, 465, 466 (Ch.Div. 1979), the Court held that it possessed the authority to order a sale of the marital home, where both parties had previously consented to the sale. In Witt, foreclosure proceedings had commenced, and various judgment creditors had begun to levy upon the marital premises. The Court noted that a refusal to order the premises sold would result in irreparable harm to the plaintiff-wife and her children. The Court further noted that while N.J.S.A. 2A:34-23 vests a Court with authority to equitably distribute marital property in all actions where a judgment of divorce is entered, the same statute vests a court, in any pending matrimonial action, with wide discretion in making such orders as are necessary for the maintenance of the parties. Id. at 466; emphasis supplied.
The Supreme Court Committee on Matrimonial Litigation (referred to as Pashman II), has addressed the issue of the sale of marital assets pendente lite, and the leading appellate case in point, Grange v. Grange, supra. The Committee concluded that "the Grange rule is unduly restrictive, contrary to the broad discretionary powers of a court of equity and generally unfair", and recommended that "The trial court should also have the discretionary power to permit a party to utilize a portion of the proceeds when .... . . basic living expenses cannot be paid in any other way." Supreme Court Committee *394 on Matrimonial Litigation, Phase Two, Final Report, P. 6 (1981).
In determining what is equitable, the trial judge must consider all the particular circumstances of the individuals before it. Scherzer, supra, 136 N.J. Super. at 400 citing Painter v. Painter, 65 N.J. 196 (1974). N.J.S.A. 2A:34-23, vests this Court with the authority:
Pending any matrimonial action brought in this State or elsewhere ... [to] make such order as to the alimony or maintenance of the parties.... as the circumstances of the parties and the nature of the case shall render fit, reasonable and just.... [Id.]
In the present matter, there is a substantial sum of money being held in escrow, generating an equally substantial amount of monthly interest. This Court believes that it would be palpably inequitable to permit this interest to accumulate, and simultaneously compel the plaintiff to live at virtually a pauperized level, based upon the limited amount of alimony which could be ordered, considering the defendant's state of income. Therefore, this Court finds that the limitations and restrictions set forth in Grange v. Grange, supra, are inapplicable to the factual posture of this case, and further finds that it has jurisdiction and authority to order pendente lite support payable from interest accumulations of otherwise equitably distributable assets when no other source of support is available. The plaintiff's attorney is directed to withdraw the interest credited to the aforementioned escrow account, and to disburse same to the plaintiff on or immediately following the interest declaration date.