484 So.2d 1265 (1986)
Arlene BUTTNER, Appellant,
v.
Manfred W. BUTTNER, Appellee.
No. 83-2585.
District Court of Appeal of Florida, Fourth District.
February 5, 1986.
Rehearing Denied April 8, 1986.
Freeman W. Barner, Jr., of Cromwell & Remsen, Riviera Beach, for appellant.
*1266 Edna L. Caruso, of Edna L. Caruso, P.A., and Law Offices of Ronald Sales, West Palm Beach, for appellee.
HURLEY, Judge.
At issue is whether the trial court abused its discretion by declining to subject two substantial marital assets to equitable distribution. We find error and reverse on this point.
Arlene and Manfred Buttner were married for thirteen years, but actually lived together for only nine of those years. At the time of the marriage, the wife was twenty-two and had recently received a degree in nursing; consequently, she had few assets of her own. She quit her job as a nurse because her husband preferred for her to help out with his business. Although it does not appear that the wife made any extraordinary contributions to the husband's business, she was there to help out whenever needed. She also worked part-time as a nurse for a short while during the marriage, apparently to help the family out financially, but this point is disputed. For the most part, however, it seems that the wife devoted her time to caring for the couple's home and their two children, one of whom has a learning disability and requires special training and care.
The husband, who was forty-one when he married, had been employed as a real estate broker for twenty years. Thus, he owned numerous parcels of real estate before the marriage. Approximately a year after the marriage, the husband purchased a 35-unit apartment complex known as the Lakeview Apartments. The purchase price was $465,300. The down payment of $60-$62,000 came from the sale of a home which the husband owned prior to the marriage and in which the parties resided for a short time after their marriage. Title to the Lakeview Apartments was placed in the husband's name. At the time of the dissolution, this property had appreciated in value to at least $825,000 and the mortgage had been reduced to $143,720.
Also during the marriage, the husband purchased another property on High Ridge Road in Lantana. This too appreciated in value. At the time of trial, both properties had a combined value of $1,005,000 and testimony indicated that the parcels had appreciated in value during the course of the marriage by approximately $467,000.
In fashioning a division of the marital assets, the trial court ruled that the wife had not established an "entitlement" to an equitable distribution of these two properties that were listed in the husband's name. Therefore, the court awarded the wife rehabilitative alimony of $500 a month for one year, but refused to give her any portion of the property or its appreciated value. As a result, the wife was left with a small inheritance from her mother, a station wagon which was in her name, and her engagement ring. The husband left the marriage with a net worth of over one million dollars. We conclude that the court's decision to shield the two properties from equitable distribution constitutes an abuse of discretion.
Although a property distribution need not be exactly equal, parties to a dissolution proceeding are entitled to an equitable distribution of the marital assets. Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). In the case at bar, the Lakeview Apartments and the High Ridge Road property were the only two significant assets acquired during the marriage. Consequently, the trial court's decision to exclude these assets from equitable distribution can be justified only if the properties do not qualify as "marital assets." The fact that title to these properties was held by the husband is not determinative. See, e.g., McBride v. McBride, 424 So.2d 977 (Fla. 4th DCA 1983); Aylward v. Aylward, 420 So.2d 660 (Fla. 2d DCA 1982); see also Frumkes, Florida's Flight to Fairness (Equitable Distribution in Florida from January 31, 1980 through March 17, 1982) (pts. 1 & 2), 56 Fla.B.J. 351, 485 (1982). The crucial inquiry should be whether the property was legally and beneficially *1267 acquired by both or either of the parties during the marriage. Here, the properties meet this criterion. Moreover, since neither of the properties was obtained by way of gift, devise or intestate succession, this case does not present one of the usual exclusions that have been developed to shield certain property from equitable distribution. See, e.g., N.J. Rev. Stat. § 2A:34-23; see also Sessums, Equitable Distribution and Its Effect on Property Acquired by Gift or Inheritance, 57 Fla.B.J. 262 (1983).
Naturally, in making a division of marital assets, courts may consider the role each party played in the accumulation of those assets. Grimmett v. Grimmett, 425 So.2d 545 (Fla. 4th DCA 1982); Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), cert. dismissed, 307 So.2d 186 (Fla. 1975). However, the fact that one spouse had a more active role in their acquisition because that spouse acted as the wage earner does not defeat the claim of the spouse who contributed to the family welfare by working within the home. Brown, supra. By the same token, once an asset is classified as a "marital asset," the parties are entitled to an equitable distribution in any increase in value caused by inflation or market conditions. See generally Bednar v. Bednar, 193 N.J. Super. 330, 474 A.2d 17 (App.Div. 1984).
In the present case, the trial court may have been correct in noting that the wife had not performed any "extraordinary services" on behalf of her husband; however, she is nonetheless entitled to a share of the marital assets held in her husband's name. It is clear that she contributed to their acquisition and enhancement by working at home as a wife and mother throughout the course of the marriage. This forms a sufficient justification for award of a portion of those assets. Tronconi v. Tronconi, supra. Accordingly, we reverse only that portion of the final judgment of dissolution denying the wife her equitable share of the Lakeview Apartments and the High Ridge Road property, and remand to the trial court for further proceedings consistent with this opinion. We affirm the final judgment of dissolution in all other respects.
AFFIRMED IN PART; REVERSED IN PART.
HERSEY, C.J., and DELL, J., concur.