492 So.2d 705 (1986)
Jo Ann SANDERS, Appellant,
v.
Dorsey A. SANDERS, Jr., Appellee.
No. BF-390.
District Court of Appeal of Florida, First District.
July 15, 1986.
Rehearing Denied September 10, 1986.
*706 Daniel T. O'Connell, of O'Connell & Hulslander, Gainesville, for appellant.
Zelda J. Hawk, of Sieg, Comfort, Hawk & Castello, and James E. Clayton, Gainesville, for appellee.
WENTWORTH, Judge.
The wife appeals from a final judgment of dissolution of marriage, claiming error in distribution of marital assets, and in denial of permanent periodic alimony. We find abuse of discretion, and reverse and remand.
The parties were married 27 years and had three sons, one of whom is a minor, born in 1971. The judgment provided shared responsibility for that child, and the wife stipulated to his primary physical residence with the husband, to whom the marital residence and farm were awarded. The husband did not request, and the court did not order, the wife to pay child support.
At the time of the marriage, the wife was a 20 year old high school graduate who was working as a waitress. During the marriage, she worked in the family businesses as a receptionist, bookkeeper and dog groomer, in addition to caring for the family and home. She has no outside work experience.
The husband at time of dissolution was a 54 year old veterinarian and radio communications businessman, not employed at the time of judgment except for a two-year, $300,000 consulting contract with his former business. He owned two homes, the 378-acre farm (where the parties' minor child lives) and a $97,000 duplex. The wife, age 47, lived in a rented apartment, was unemployed and receiving medical treatment for physical and psychological problems. She had no health insurance, social security benefits, pension or other retirement plan.
During the marriage, the parties acquired assets valued at more than one million dollars. These assets included:
(1) an animal hospital, sold for $225,000;
(2) a home and radio tower, sold for $53,000 cash and mortgages in the amount of $66,079;
(3) a 378-acre farm and marital home inherited by the husband, to which improvements in the amount of $189,958.00 had been added;
(4) lake property purchased for $39,000, valued at $46,200;
(5) a radio communications business, Radio Telephone of Gainesville, Inc., sold for $750,000, of which the wife owned one share and the husband 59 shares;
(6) a second radio communications business, Chawilla, Inc., assets of which were merged with Radio Telephone of Gainesville, Inc.;
(7) the parties' life insurance policies, valued at $47,000.
The trial court awarded the wife assets in amount of $283,226, or 28% of the total (including lump sum alimony of $54,000 and attorney's fees of $10,000). In addition, the court awarded her rehabilitative alimony of $500 per month for 36 months. The husband was awarded assets valued at $736,665, or 72% of the total, including the present value of the farm and marital home over and above his interest in the value of the property at the time of inheritance. These awards provide the wife with a *707 monthly income of $2,172, and the husband with a monthly income of $15,564.
The wife contends that the lower court abused its discretion in distributing marital assets by failing to properly consider her contributions to the animal hospital and radio communications businesses, by failing to consider the enhanced value of the farm and the total value of improvements made to the farm during the marriage, and by failing to include some marital assets in the distribution plan. The wife also claims on appeal that the trial court abused its discretion by failing to award her permanent periodic alimony or by failing to reserve jurisdiction to award such alimony.
The husband, by cross-appeal, alleges that the trial court abused its discretion in awarding the wife rehabilitative alimony, attorney's fees, and the cash value of his life insurance policies as part of the lump sum award.
In deciding the appeal and cross-appeal, we must determine whether the trial court's exercise of discretion was reasonable based upon the record evidence. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985).
In a division of marital assets, a primary factual circumstance to be considered is each spouse's contribution to the marriage. Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), cert. dismissed, 307 So.2d 186 (Fla. 1975). Courts may consider the role of each party in the accumulation of those assets, Brown, supra, but the fact that one spouse played a more active role in the acquisition and enhancement of assets, because that spouse was the primary wage earner, does not defeat the claim of the spouse who contributed to the family welfare in other ways. Buttner v. Buttner, 484 So.2d 1265, (Fla. 4th DCA 1986).
The record here shows (and the court did not reject) evidence that the wife contributed throughout the marriage to the family businesses and endeavors. She worked in numerous capacities at the animal clinic and on the farm. She was vice-president of Radio Telephone of Gainesville, Inc., and was half-owner of Chawilla, Inc. She worked in these capacities while performing ongoing duties as homemaker and mother to the parties' three children.
The trial court awarded the wife a special equity in the proceeds from the sale of the animal hospital, but assigned her a 30% interest and her husband a 70% interest in that note and mortgage. The court awarded the wife only the value of her single share in Radio Telephone of Gainesville, Inc., while awarding the husband the value of his 59 shares in the business. The court awarded the wife no portion of the value of the lake property, listed above.
Such a disproportionate distribution of assets does not rest on any special circumstance stated in the order or discernible from the record. In fashioning the distribution plan, the trial court apparently focused only upon the wife's direct participation in the husband's businesses, rather than her contribution to the acquisition and enhancement of those assets through her functions in the home and care of the children in addition to her business related duties.[1]
The court awarded the wife one-half of $40,000 in marital funds originally contributed to improvements on the husband's farm.[2] However, the record indicates that during the course of the marriage, $189,958 in marital funds were expended on farm improvements. Under the circumstances here presented the value of the farm property at the time of inheritance by the husband is properly shielded from equitable distribution, together with any reasonable *708 proration of the appreciated value which the husband may show is attributable to causes other than the parties' contribution of marital funds or labor. Cf. Brown v. Brown, supra. But that exclusion should not extend as a matter of right to the full value of the farm homestead at the time of dissolution. To the extent that such value was created by marital funds or labor, disposition should accord with the recognized principle: "... Once an asset is classified as a marital asset, the parties are entitled to an equitable distribution in any increase in value caused by inflation or market conditions. See generally Bednar v. Bednar, 193 N.J.Supp. 330, 474 A.2d 17 (App.Div. 1984)." Buttner, supra, at 1267, citing Tronconi v. Tronconi, supra.
Under the distribution plan devised by the trial court, the wife would pass from the prosperity enjoyed during the parties' marriage to relative misfortune, while the husband could continue to live comfortably within the range of the established marital standard. In light of the wife's total contributions to the marriage, we conclude that this division of marital assets cannot be regarded as reasonable.
We find no ground for relief in the arguments presented on cross appeal, and do not reach the merits of argument with respect to permanent alimony, but in recognition of the interdependence of all provisions in such a plan we reverse the final judgment and remand to the trial court for further proceedings and entry of a new judgment consistent herewith on the basis of this record or such additional evidence as may be necessary.
BOOTH, C.J., and L. SMITH, J., concur.
NOTES
[1] "The husband's ... holdings were acquired while both parties were performing their respective marital functions and hence ... are marital assets subject to equitable distribution." Laman v. Laman, 490 So.2d 985 (Fla. 5th DCA 1986).
[2] "(4) The husband shall pay to the Wife the sum of $20,000.00, payable within thirty (30) days. This sum represents one-half of the value of the investments from marital funds in the forty acres and in the improvements made on the farm during the marriage."