236 N.J. Super. 504 (1989)
566 A.2d 242
LAURA K. GLATTHORN, PLAINTIFF,
v.
LEONARD WISNIEWSKI, DEFENDANT.
Superior Court of New Jersey, Chancery Division Essex County.
Decided August 24, 1989.
Neil J. Dworkin, Attorney for Plaintiff.
No appearance by the Defendant.

*505 OPINION
RUDD, J.S.C.
The case at hand comes to the court's attention by means of an order to show cause why the sale of marital real property during the predivorce litigation period should not be granted.
The bedrock principle that realty owned in tenancy by the entirety is not saleable by order of the court during the pendente lite period of a divorcing couple is buttressed by N.J.S.A. 3B:28-3 which reads as follows:
As to real property occupied jointly by a married person with his or her spouse acquired on or after May 28, 1980, as their principal matrimonial residence, every married person shall be entitled to joint possession thereof with his or her spouse during their marriage, which right of possession may not be released, extinguished or alienated without the consent of both spouses except by judgment of a court of competent jurisdiction. All other real property owned by either spouse which is not the principal matrimonial residence may be alienated without the consent of both spouses.
The leading case establishing this principle is Grange v. Grange, 160 N.J. Super. 153 (App.Div. 1978). Together, Grange and the statute present a formidable barrier to granting relief in the instant case.
The parties were married in December, 1988, and lived together as husband and wife for approximately three months until March, 1989. During that time the couple lived together in the first floor apartment of a two-family dwelling located in Irvington, New Jersey, which is the property in question. It is alleged that the said property was purchased by plaintiff with her own funds on September 30, 1987, more than a year prior to the subsequent marriage. The deed conveying title was executed solely in plaintiff's name.
Following separation from the defendant, possession of the property was granted to the plaintiff on May 5, 1989 by order of a court resulting from a domestic violence complaint. With deteriorating financial circumstances, the plaintiff has been unable to keep up mortgage payments and other expenses to properly maintain the property. The plaintiff entered into a *506 contract for the sale of said property on June 8, 1989. Plaintiff has two young children from a previous marriage and claims that unless the property is sold, their financial and economic well-being will be irreparably harmed. The defendant, however, refused to join in the conveyance of the property.
On August 17, 1989, the defendant was ordered to show cause why an order should not be granted permitting the property to be sold pursuant to the contract of sale. The purchasers under the contract require such order to comply with the requirements of N.J.S.A. 3B:28-3. They threaten to avoid the contract if such order is not forthcoming. Although process was promptly served at the defendant's last known address, the papers were returned "forwarding expired." Subsequent attempts to ascertain the defendant's whereabouts have been unsuccessful. Consequently, the defendant failed to appear at the scheduled August 24, 1989 court date.
According to N.J.S.A. 2A:34-23, the court is vested with broad discretion to make such orders as deemed necessary for the maintenance of the parties and their children. The extent to which the court has the power to enter a pendente lite order for the sale of marital property is, however, unclear. The first paragraph of the statute states:

Pending any matrimonial action ... or after judgment of divorce or maintenance ... the court may make such order as to the alimony or maintenance of the parties, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just.... [Emphasis supplied.]
It has been aptly noted that if this were all the statute stated the authority of the court to order pendente lite relief in the sale of marital property would be unequivocal. Graf v. Graf, 208 N.J. Super. 240, 243 (1985). However, as Graf articulated, the last paragraph of the statute also provides that "where a judgment of divorce ... is entered the court may make [an] award ... to effectuate an equitable distribution of the property...." [Emphasis supplied.] Id. Some legalists suggest the literal translation of this statute to mean marital assets may be *507 sold only upon entry of a judgment of divorce. Id. However, this is a narrow translation and disregards wording of the first paragraph of the statute.
In light of N.J.S.A. 2A:34-23, the leading case on the court's power to order relief in the sale of marital property during the pendente lite period is Grange v. Grange, 160 N.J. Super. 153 (App.Div. 1978). Similar to the case at hand, the subject of the dispute concerned the sale of marital real property in which the couple had formerly resided. The plaintiff contended that he could not afford to maintain three residences and moved to compel the defendant to join in the conveyance of the marital property. Id. at 154. The Grange court conceded that pursuant to N.J.S.A. 2A:34-23 the courts have demonstrated considerable discretion in ordering the necessary maintenance of the parties during a pending matrimonial action. Martindell v. Martindell, 21 N.J. 341, 355 (1956); Woodhouse v. Woodhouse, 17 N.J. 409, 416 (1955). Id. 160 N.J. Super. at 158. The court, however, could find no statutory authority for ordering pendente lite relief in "a predivorce distribution of a tenancy by the entirety." Id. According to the court, such a distribution would violate "the very concept of a tenancy by the entirety." Id.
Unlike Grange, I am not faced with a strict tenancy by the entirety since it is alleged that the plaintiff had purchased the said real property with her own funds prior to the ensuing marriage. Nonetheless, I am mindful of N.J.S.A. 3B:28-3 which creates a joint possessory interest "[a]s to real property occupied jointly by a married person with his or her spouse ... as their principal matrimonial residence...." The statute requires either consent of both parties or a judgment by the court in order to effectuate a sale of real property. Here, the plaintiff and defendant resided as a married couple in the said residence for the duration of the marital period. The joint occupancy produces a possessory interest for the defendant which must be carefully weighed prior to a predivorce order for the sale of the marital real property.
*508 Thus, the Grange decision combined with N.J.S.A. 3B:28-3 present a difficult hurdle for ordering the already mentioned pendente lite relief. The Grange case, however, has been subjected to criticism and the harshness of its restrictions found inapplicable in some subsequent decisions.
In Witt v. Witt, 165 N.J. Super. 463 (Ch.Div. 1979), the court directed the sale of property, owned by the parties as tenants by the entirety, pendente lite where the absent defendant had previously consented to the sale. The court distinguished Grange based on the fact that parties had already consented to the sale and failure to so order would result in irreparable harm to the plaintiff and to the support of her children. Id. at 466. Likewise, in Samuelson v. Samuelson, 198 N.J. Super. 390 (Ch.Div. 1984), the court, relying on the Supreme Court Committee on Matrimonial Litigation, Phase Two, Final Report, P. 6 (1981) (referred to as Pashman II) which on the issue of the sale of marital assets pendente lite concluded the Grange rule was "unduly restrictive" and in contradiction to an equity court's wide discretionary powers, ordered pendente lite relief in the distribution of interest monies accumulated from the sale of the marital home. Id. at 393-94. The Samuelson court concluded that such pendente lite support was necessary when no other means of support were available. Id. at 394.
Specifically, in the case at hand, the failure to order the sale of the marital home pursuant to the June, 1989 contract would result in irreparable harm to the plaintiff. Judicial notice is taken of the fact that the present real estate market is currently in a down swing. Failure to so order the sale would provide the property buyers with an option to cancel the pending contract, placing the plaintiff in the precarious position of being without a buyer in a presently stagnant real estate market. Moreover, plaintiff claims the expense and upkeep of the marital property can no longer be maintained without seriously jeopardizing the plaintiff's financial and economic well-being.
*509 Defendant's possessory interest in the said marital property can be protected by providing that the property sale funds be placed in escrow for subsequent equitable distribution. As provided by N.J.S.A. 2A:34-23, a court is not restricted from directing pendente lite relief when the law of equity so dictates. This decision is well in accordance with the Grange rule which continues to protect parties from unnecessary sale of marital real property and proceeds distribution during the pendente lite period.
Therefore, I hereby direct the present real estate to be sold pursuant to the June, 1989 contract, and proceeds of the closing sale to be held in escrow pending further order of the court. Publication of the order to show cause and summons and complaint is also mandated.